## STATE v. LAPPONE.

No. 7810.

Circuit Court, Dade County, Criminal Appeal.

August 2, 1972.

Leonard Gevertz, Miami, for the appellant.

Richard E. Gerstein, State Attorney, John P. Durant, Assistant State Attorney, for the appellee.

THOMAS A. TESTA, Circuit Judge.

This appeal having come on to be heard upon the record, briefs, pleadings, oral argument and stipulated facts, and the court being otherwise fully advised in the premises, the court finds as follows —

That on December 9, 1971, two large German Sheppard dogs came upon the defendant's property and proceeded to knock down small cages, ripping them open and destroying the rabbits and poultry. The defendant attempted to drive the dogs off, but retreated to his home when the dogs turned on him. He emerged with a rifle and then again attempted to drive off the ravishing dogs. After having exhausted all reasonable means to dissuade the dogs the defendant shot and killed both of the animals.

The trial judge found the defendant guilty of maliciously killing animals in violation of §282.07, F.S., and sentenced him to thirty days in the Dade County jail and imposed a $1,000 fine.

The defendant was not represented by counsel, he was not advised as to his right to a trial by jury, the trial was not within the "speedy trial" limitations, and the fine exceeds the maximum allowed under the Metropolitan Code. The court finds that in any criminal trial where a person's liberty is in the balance it is incumbent upon the court and prosecution to protect the rights of the accused, and in the absence of counsel this observance becomes critical.

This case is a classic example of a progression of fundamental error where defendant is without counsel. A recent U. S. Supreme Court decision, Argensinger v. Hamlin, 92 S.C. 2006 (1972), held that all defendants in any proceeding entailing a jail sentence are entitled to counsel. This case points up what review courts have said in reference to the duty of trial judges to intervene and protect the organic rights of the accused with or without effective counsel.

Therefore, after considering the record, evidence, pleadings, argument and stipulated facts, it is ordered and adjudged that a defendant cannot waive his constitutional rights to counsel, trial by jury and a right to speedy trial unless it is first demonstrated that he was advised and clearly comprehended the consequences. This record does not so reflect.

This defendant, Victor Lappone, did not violate any ordinance or statute prohibiting the malicious killing of animals, further this

court cannot find any rational basis upon which to sustain the judgment of the metropolitan court.

The judgment is reversed and the fine vacated, and charges dismissed and the defendant discharged forthwith.